UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>- vs -<br><br>E&Y LLC,<br>d/b/a OAK TEXAS BAR, and<br><br>JORGE EDUARDO GUAJARDO,<br><br>Defendants. | CASE NO.: |

## COMPLAINT

Plaintiff, INNOVATIVE SPORTS MANAGEMENT, INC., *doing business as* INTEGRATED SPORTS MEDIA, by and through its attorney, as and for its Complaint against the Defendants, (1) E&Y LLC, *doing business as* OAK TEXAS BAR, and (2) JORGE EDUARDO GUAJARDO (collectively, "Defendants") alleges as follows:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff, INNOVATIVE SPORTS MANAGEMENT, INC. is a corporation organized and existing under the laws of New Jersey, conducts business as INTEGRATED SPORTS MEDIA, and maintains its principal place of business located at 64 North Summit St., Suite 218, Tenafly, New Jersey 07670. Plaintiff held the exclusive rights to permit commercial businesses such as the business made the basis of this suit to legally access the broadcast of the *Canelo Alvarez vs. Rocky Fielding* boxing match telecast on December 15, 2018 including all undercard bouts and commentary (the "Program") for public display at the business. Commercial businesses such as the business made the basis of this suit were not authorized to receive and exhibit the Program in their commercial business without authorization from Plaintiff.

4. Defendant, E&Y LLC

   a. is a domestic limited liability company organized under the laws of the State of Texas,

   b. is registered as a manager managed domestic limited liability company,

   c. conducted business in the State of Texas on the date of the Program,

   d. may be served by serving its Registered Agent, Jorge Guajardo at its registered office located at 113 S. 17th Street, McAllen, Texas 78501,

   e. conducted business as "Oak Texas Bar" on the date of the Program,

   f. owned, operated, maintained, and controlled the commercial business known as Oak Texas Bar located at 113 S. 17th Street, McAllen, Texas (the "Establishment") on the date of the Program,

   g. held the active sales tax permit issued by the Texas Comptroller of Public Accounts for the Establishment on the date of the Program, and

   h. held the active alcohol permit/license issued by the Texas Alcoholic Beverage Commission for the Establishment on the date of the Program.

5. Defendant, JORGE EDUARDO GUAJARDO

    a. is an individual who resides in the State of Texas,

    b. may be served at 113 S. 17th Street, McAllen, Texas 78501 or wherever found,

    c. operated, maintained, and controlled the Establishment on the date of the Program,

    d. was an owner of the entity owning and operating the Establishment on the date of the Program,

    e. was a member, manager, officer, and/or principal of the entity owning and operating the Establishment on the date of the Program,

    f. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

    g. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

## FACTS

6. Plaintiff is in the sports media business providing access and distribution of sports programming to commercial businesses such as bars, pubs, clubs, and the like (a "Commercial Business"). By written agreement with the owner of the rights to televise the Program in a Commercial Business, Plaintiff was granted the exclusive rights to permit a Commercial Business access to the broadcast of the Program. The broadcast of the Program was legally available to the Establishment for public display through Plaintiff.

7. After receiving the proper commercial sublicense fee from a Commercial Business, Plaintiff would authorize the Commercial Business to receive and exhibit the Program publicly. The commercial sublicensing fee to receive and publicly exhibit the Program was based on the capacity of a Commercial Business. The transmission of the Program originated via satellite signal and was electronically coded or encrypted. The Program was not legally available to or intended

for the free use of the general public on the scheduled date of the telecast of the Program. A Commercial Business could legally receive and publicly exhibit the Program after paying to Plaintiff a commercial sublicense fee and after Plaintiff's authorization for a Commercial Business to receive and publicly exhibit the Program.

8. The Program was legally available to Defendants for exhibition in the Establishment only after paying a commercial sublicense fee for the Program to Plaintiff. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial sublicense fee to Plaintiff. Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial sublicensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.

9. Without authorization from or payment to Plaintiff, Defendants wrongfully received and publicly exhibited the Program in their commercial business, the Establishment, on December 15, 2018. Plaintiff did not authorize the receipt and public exhibition of the Program in the Establishment.

10. Defendants willfully engaged in wrongful acts to intercept and/or receive the Program for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate commercial customers paid substantially more for the proper commercial sublicense. Then, Defendants publicly exhibited the Program in the Establishment to their paying patrons. Defendants knew, or should have known, the interception and/or receipt and exhibition of the Program at their Establishment was not properly authorized.

11. The Establishment is a commercial business that sold food and/or drink to its patrons on the date of the Program. The Establishment is a Commercial Business requiring authorization from Plaintiff to legally exhibit the Program at the Establishment to its patrons. Plaintiff did not and has not authorized the receipt and public display of the Program at the Establishment.

12. The broadcast of the Program at the Establishment was not a private viewing and was not for residential, non-commercial purposes. The broadcast of the Program at the Establishment was advertised on social media. The public display of the Program at the Establishment was to entice patrons to the Establishment to spend money while viewing the Program.

13. Defendants intentionally pirated or assisted in the intentional piracy of the Program for the purpose of their own economic gain. Defendants pirated or assisted in the piracy of the Program and exhibited the Program for the commercial purpose of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights.

14. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Program in the Establishment.

15. In addition, by virtue of his position(s) as it relates to the Establishment, Defendant, Jorge Eduardo Guajardo had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

16. At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

## SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

17. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

18. Defendants' exhibition of the Program was accomplished through the interception and/or receipt of a satellite signal or, in the alternative, through a cable signal.

19. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

20. Pled in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

21. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

22. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

a.  for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553,

b.  for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553,

c.  for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C), and

d.  for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

JAMIE KING, P.C.

*/s/ Jamie King*
Jamie King
Attorney-in-Charge
State Bar No. 24043755
SDTX No. 566838
P.O. Box 5757
Kingwood, Texas 77325
(832) 584-0106 Telephone
(888) 247-0443 Facsimile
jamie@jamiekingpc.com

ATTORNEY FOR PLAINTIFF,
INNOVATIVE SPORTS MANAGEMENT, INC.,
d/b/a INTEGRATED SPORTS MEDIA